IN THE UNITED STATES DISTRICT COURT FOR THE
NORTHERN DISTRICT OF FLORIDA
PANAMA CITY DIVISION

CARL TAYLOR, JR.,

    Plaintiff,
v.                                          CASE NO. 5:17-cv-228-RH-GRJ

STATE OF FLORIDA HIGHWAY
SAFETY, et al.,

    Defendants.

_____/

## REPORT AND RECOMMENDATION

Plaintiff initiated this case by filing ECF No. 1, a *pro se* complaint against the State of Florida Highway Safety regarding the suspension of his driver's license. The Court entered an order directing Plaintiff to file an amended complaint that alleged sufficient facts to show he is entitled to relief. (ECF No. 3.)

Plaintiff then filed an amended complaint that was very similar to the original complaint, except that Plaintiff listed multiple state-court cases addressing the suspension of his license. (ECF No. 4.) The Court again ordered him to amend his complaint, this time also advising him that to the extent he is attempting to appeal the decisions of state-court judges in suspending his license, the Court is precluded by the *Rooker-Feldman* doctrine from reviewing those state-court decisions. (ECF No. 5.)

This case is now before the Court on ECF No. 6, Plaintiff's second amended complaint. For the reasons discussed below, the undersigned recommends that this case be dismissed.

## DISCUSSION

In Plaintiff's second amended complaint he is suing the State of Florida Highway Safety, and he has named as Defendants two directors: Clayton Boyld and Neil Kirkman. Plaintiff says that the State of Florida Highway Safety suspended his driver's license in multiple cases and that he must pay fines to get it back. However, Plaintiff says he did not have a driver's license to suspend at the time of these suspensions.

As an initial matter to the extent that Plaintiff seeks to obtain damages against the State of Florida Department of Highways and Safety, his claims is barred by Eleventh Amendment immunity. A department of the state, like the Department of Highways and Safety, is considered part of the State of Florida and thus is protected from suit for damages. The Court therefore construes Plaintiff's claims for damages brought in this case as claims only against the individual directors in their individual capacity.

Turning to the merits, Plaintiff alleges that this license suspension

constitutes a violation of his right to due process of law,[1] and he seeks $3,000,000,000 for pain and suffering. Again, Plaintiff also listed multiple state-court case numbers addressing the suspension of his license, which he is using in support of his claim.

Although Plaintiff's second amended complaint is difficult to decipher, a reading of the documents attached to Plaintiff's first amended complaint and an examination of the Bay County state-court cases Plaintiff cited in his second amended complaint shed light on the details surrounding the suspension of Plaintiff's license. Plaintiff's license was original suspended as of April 11, 2005, due to a civil court judgment following a car crash. (ECF No. 4 at 9.) After this suspension of his license, Plaintiff was sentenced in multiple state-court cases on charges of trespassing, domestic battery, sale of cocaine, and resisting arrest with violence, among other things. (ECF No. 4 at 11.) *See also* Bay County Case Nos. 06000516MMMA, 05007217MMMA, 07001082CFMA, 93000984CFMA,

---

[1] Plaintiff's complaint includes references to due process under section 9, which corresponds to the right to due process under the Florida Constitution. Because a due process violation is the only claim Plaintiff raises in his complaint, Plaintiff would not be permitted to bring a state due process claim in federal court pursuant to § 1983 because there would be no violation of his rights under the U.S. Constitution or any laws or treaties of the United States. The complaint would, therefore, be subject to dismissal. Accordingly, the Court liberally instead construes Plaintiff's complaint as alleging a federal due process claim.

97001649CFMA. In those cases Plaintiff failed to pay a court-ordered financial obligation, and as a result Plaintiff received notice that his driving privileges were suspended for failure to pay a financial obligation in a criminal case, pursuant to Section 322.245(5)(a), Florida Statutes.

Based on this factual background, Plaintiff's second amended complaint is due to be dismissed. To start, Plaintiff has failed to state a claim on which relief can be granted. Although Plaintiff alleges that his right to due process has been violated, the Fourteenth Amendment provides that no state "shall . . . deprive any person of life, liberty, or property, without due process of law." U.S. Const. amend. XIV. Due process "requires notice and the opportunity to be heard incident to the deprivation of life, liberty or property at the hands of the government." *Grayden v. Rhodes*, 345 F.3d 1225, 1232 (11th Cir. 2003). A procedural due process claim brought pursuant to § 1983 "requires proof of three elements: (1) a deprivation of a constitutionally-protected liberty or property interest; (2) state action; and (3) constitutionally-inadequate process." *Id*.

In this case, Plaintiff has failed to allege that there was any due process violation in the suspension of his license under Section 322.245(5)(a), Florida Statutes. While due process applies when a state

deprives a person of a driver's license, *see Dixon v. Love*, 431 U.S. 105, 112 (1977), Florida's statutory scheme for suspending driver's licenses for failure to pay court costs or financial obligations satisfies due process requirements. *See Evans v. Rhodes*, No. 3:14cv466/MCR/CJK, 2016 WL 5019202 (N.D. Fla. Feb. 29, 2016). Because Plaintiff does not allege that he did not receive notice of his license suspension, that his original license suspension was erroneous, or that he has since paid his court costs and fulfilled all financial obligations, Plaintiff has failed to adequately allege a violation of his due process rights.

Secondly, to the extent that Plaintiff is attempting to appeal the state-court decisions suspending his license for failure to pay court costs, the *Rooker-Feldman* doctrine precludes this Court from reviewing those state-court decisions. *See Alvarez v Attorney Gen. for Fla.,* 679 F.3d 1257, 1262 (11th Cir. 2012). The Supreme Court addressed the limits of the doctrine in *Exxon Mobil Corp. v. Saudi Basic Industries Corp.*, 554 U.S. 280 (2005). The Court explained that "*Rooker-Feldman* . . . is a narrow doctrine, confined to 'cases brought by state-court losers complaining of injuries caused by state-court judgments rendered before the district court proceedings commenced and inviting district court review and rejection of those judgments.'" *Exxon Mobil*, 554 U.S. at 284.

If Plaintiff seeks to have this Court act as an appellate court for the state-court judges' rulings on the suspension of his license and any fines imposed, this is precisely what the *Rooker-Feldman* doctrine precludes this Court from doing.  A federal district court lacks jurisdiction to engage in appellate review of state-court proceedings.  *Blue Cross & Blue Shield of Md., Inc. v. Weiner*, 868 F.2d 1550, 1554 (11th Cir. 1989).

This Court has previously afforded this *pro se* Plaintiff two opportunities to amend his complaint, and the Court finds that any future amendment would be futile because Plaintiff has failed to state a claim on which relief may be granted and because, to the extent Plaintiff is attempting to appeal state-court decisions, the *Rooker-Feldman* doctrine precludes this Court from reviewing state-court decisions. Therefore, the Court declines to afford Plaintiff any additional opportunity to amend. *See Foman v. Davis*, 371 U.S. 178, 182 (1962) (stating that a district court may properly deny leave to amend the complaint when such amendment would be futile).

## RECOMMENDATION

Accordingly, it is respectfully recommended that the case be

**DISMISSED** without leave to amend.

   **IN CHAMBERS**  this 26th day of October 2017.

*s/ Gary R. Jones*
GARY R. JONES
United States Magistrate Judge

### NOTICE TO THE PARTIES

   Objections to these proposed findings and recommendations must be filed within fourteen (14) days after being served a copy thereof.  <u>Any different deadline that may appear on the electronic docket is for the court's internal use only, and does not control.</u>  A copy of objections shall be served upon all other parties.  If a party fails to object to the magistrate judge's findings or recommendations as to any particular claim or issue contained in a report and recommendation, that party waives the right to challenge on appeal the district court's order based on the unobjected-to factual and legal conclusions.  *See* 11th Cir. Rule 3-1; 28 U.S.C. § 636.