IN THE UNITED STATES DISTRICT COURT FOR THE
NORTHERN DISTRICT OF FLORIDA
PANAMA CITY DIVISION

CARL TAYLOR, JR.,

    Plaintiff,

v.                                          CASE NO. 5:17cv228-RH/GRJ

STATE OF FLORIDA HIGHWAY
SAFETY et al.,

    Defendants.

_____/

## ORDER OF DISMISSAL

This case is before the court on the magistrate judge's report and recommendation ECF No. 7, and the objections, ECF No. 8. I have reviewed de novo the issues raised by the objections.

In the objections, the plaintiff says that under Florida law, he was entitled to timely notice before suspension of his driver's license but that he did not receive the required notice. That is not the claim asserted in the second amended complaint, which is largely semantic nonsense. In any event, the plaintiff has not identified any respect in which Florida procedures for suspending and reinstating driver's licenses fail to provide due process. *See Evans v. Rhodes*, No.

3:14cv466/MCR/CJK, 2016 WL 5019202 (N.D. Fla. Feb. 29, 2016). If the plaintiff did not receive from the Florida Department of Highway Safety and Motor Vehicles the statutorily required notice—whether because he moved without notifying the Department, or because the Department did not get the notice issued and into the hands of the Postal Service as intended, or because the Postal Service did not properly deliver the mail as sometimes happens—Florida provided procedures to correct the error.

The attachments to the objections suggest that the plaintiff's license was suspended because he did not pay a judgment resulting from a traffic crash and has not shown that he now has liability insurance. A state does not deprive a driver of due process by suspending a license on this basis under procedures affording the driver an opportunity to contest the factual basis for the suspension in advance or, if the required notice does not actually reach the driver as intended, after the fact.

If the plaintiff's license was improperly suspended or he can meet the requirements to have it reinstated, Florida law provides a satisfactory means for the plaintiff to recover his license. The plaintiff has failed to state a federal claim on which relief can be granted. Further amendment would be futile. Accordingly,

IT IS ORDERED:

The report and recommendation is accepted. The clerk must enter judgment stating, "The plaintiff's claims are dismissed for failure to state a claim on which relief can be granted." The clerk must close the file.

SO ORDERED on January 28, 2018.

s/Robert L. Hinkle
United States District Judge